UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROBERT LEE EICHELBERGER,

    Plaintiff,

v.                            Case No. 5:19-cv-24-MCR/MJF

REYNOLDS, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    This *pro se* action under 42 U.S.C. § 1983 is before the court for preliminary screening of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff's complaint fails to state a facially plausible claim for relief against the named Defendants and that no additional facts or legal theories could cure this deficiency. Therefore, the undersigned respectfully recommends that this case be dismissed.[1]

**I.    Background**

    Plaintiff is an inmate of the Florida Department of Corrections ("FDOC"). He commenced this suit pursuant to 42 U.S.C. § 1983 against eight Defendants: (1)

---

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

Sergeant Reynolds; (2) B. Lolley; (3) Sergeant Carr; (4) Sergeant Moreno; (5) Sergeant Cruchfilled; (6) Officer Cartright; (7) Warden E.D. Wats; and (8) Officer Young.

Plaintiff's complaint is not clear, but apparently in spring 2018, Florida prison officials placed him in confinement while he was an inmate at the Northwest Florida Reception Center. On April 4 and April 5, 2018, Defendant Reynolds inventoried Plaintiff's personal property. On May 15, 2018, Plaintiff was released from confinement, and Defendant Moreno instructed Plaintiff to go to the property room. Plaintiff alleged that Defendant Cartright had Plaintiff sign an impound list from April 4, 2018. On May 16, 2018, Plaintiff received the impound list from April 5, 2018. The Defendants did not return all of Plaintiff's property to him. Plaintiff alleges that Defendant Cartright stated she would call Plaintiff to get the rest of his personal property, but she never did. Plaintiff alleges that between April 4, 2018, and May 15, 2018, Defendant Young and Defendant Cruchfilled were also assigned to the property room.

Plaintiff alleges that Defendant Wats was in charge of all reports of personal property and therefore responsible for Plaintiff's property. Plaintiff alleges that Defendant Lolley "should have made real policy when Sergeant Reynolds did inventoried [sic] all my personal property that night of 4/4/18 7:00PM." (Doc. 1 at 6). Plaintiff contends that the Defendants negligently lost, misplaced, or destroyed

Plaintiff's personal property. He claims that this violates the Due Process Clause of the Fourteenth Amendment.

## II.   Standard

Because Plaintiff is a prisoner, this court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Dismissals for failure to state a claim are governed by the Rule 12(b)(6) standard. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. The mere possibility that the defendant acted unlawfully is insufficient. *Id.*; *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965; *see also Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A complaint may also be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *Jones v. Bock*, 549 U.S. 199, 215, 127 S.C. 910, 920-21 (2007) (reiterating that principle).

## III. Discussion

Plaintiff's due process claim regarding deprivation of his personal property should be dismissed.

To succeed on a § 1983 claim, a plaintiff must prove "(1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person

acting under the color of state law . . . ." *Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016) (citing *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005)).

The Due Process Clause encompasses two components, a substantive component and a procedural component. The substantive component of Due Process clauses protects only "fundamental" rights. *See McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (citing *Palko v. Connecticut*, 302 U.S. 319, 325, 58 S. Ct. 149, 152 (1937)). A violation of substantive due process occurs when an individual's fundamental rights are infringed, regardless of the fairness of the procedure. *McKinney*, 20 F.3d at 1556. Thus, analysis of a substantive due process claim must begin by crafting a careful description of the asserted right. *Doe v. Moore*, 410 F.3d 1337, 1343 (11th Cir. 2005). Then, the court must determine whether the asserted right is "deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Id.* (quotations omitted) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720-21, 117 S. Ct. 2258, 2268 (1997)). Notably, "areas in which substantive rights are created only by state law . . . are not subject to substantive due process protection . . . because substantive due process rights are only created by the Constitution." *McKinney*, 20 F.3d at 1156. Such state law-based rights can be rescinded "so long as the elements of procedural—not substantive—due process are observed." *Id.*

Property interests are created and defined by state law rather than the Constitution. *See Greenbriar Village, L.L.C. v. Mountain Brook City*, 345 F.3d 1258, 1262 (11th Cir. 2003) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 2709 (1972)). They are not entitled to substantive due process protection. *See Greenbriar Village, L.L.C.*, 345 F.3d at 1262-63 ("[N]on-legislative deprivations of state-created rights . . . cannot support a substantive due process claim."); *see also Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229, 106 S. Ct. 507, 515 (1985) (Powell, J. concurring) ("While property interests are protected by procedural due process even though the interest is derived from state law rather than the Constitution . . . substantive due process rights are created only by the Constitution.").

With regard to the procedural component of the Due Process Clause, a prisoner must show there was "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process." *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994). The Supreme Court has unequivocally held that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of . . . property." *Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S. Ct. 662, 664 (1986). Thus, Plaintiff's claim

that the Defendants negligently lost or destroyed his personal property is insufficient to state a claim.

Ordinarily, a party may amend his pleading once as a matter of course, but the court need not allow amendment if it would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Here, an amendment to allow Plaintiff to allege that Defendants intentionally lost, destroyed, or misplaced Plaintiff's property—assuming that is even true—would be futile. The Supreme Court has explained that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 3204 (1984).

Florida law provides Plaintiff with post-deprivation due process. Under Florida law, a person may file a tort action in state court to recover damages for the loss or destruction of property. *See* Fla. Stat § 768.28 (2011); *Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009). Section 768.28, therefore, provides Plaintiff with a meaningful post-deprivation remedy to challenge the loss of property caused by intentional conduct by a state actor. *Case*, 555 F.3d at 1331 ("We have recognized that 'a civil cause of action for wrongful conversion of personal property' under state law is a sufficient postdeprivation remedy when it extends to unauthorized seizures of personal property by state officers." (quoting *Lindsey v. Storey*, 936 F.2d 554, 561

(11th Cir. 1991)). Therefore, Plaintiff's constitutional claims concerning the loss or deprivation of his property are foreclosed and he cannot bring such a claim in his lawsuit. *See Jackson v. Hill*, 569 F. Appx. 697, 698 (11th Cir. 2014) ("The district court did not abuse its discretion when it dismissed as frivolous Jackson's claim about the destruction of his property . . . Jackson cannot claim that he has been deprived of due process when he has available an adequate post deprivation remedy under state law."). Therefore, Plaintiff has failed to state a claim for a violation of the due process are foreclosed.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2).

2. The clerk of court be directed to close the case file.

At Panama City, Florida, this 24th day of April 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.